IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**MELISSA CHARLTON,**

**Defendant.**                                                                 No. 13-CR-30236-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

  Pending before the Court is Charlton's motion for compassionate release pursuant to 18 U.S.C. § 3582 (Doc. 51). Specifically, Charlton moves the Court to reduce her sentence because she has been a productive and positive inmate and because of personal/family issues. The Court dismisses for want of jurisdiction her motion.

  Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is

proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty.  Lastly, a collateral attack, under 28 U.S.C. § 2255, has a 1 year statute of limitations.

Here, Charlton does not cite any case law or statute that would allow the Court to consider her motion.  Criminal Rule 35 is inapplicable because this motion is brought over a year and four months *after* the sentencing (February 20, 2015) and it does not appear to be brought to correct the sentence arithmetical, technical, or other clear error.  Further, the government did not file a Rule 35(b) motion.  Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Sanders could bring this motion is a Section 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).  After reviewing the pleadings, it is not clear to the Court that Charlton intends to pursue a collateral attack with this motion, and if so, it appears that the motion may be untimely.  Because the Court finds that Charlton's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Charlton's

motion for compassionate release pursuant to 18 U.S.C. § 3582 (Doc. 51).

**IT IS SO ORDERED.**

Signed this 5th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.05 11:54:15 -05'00'

**United States District Judge**